**U.S. Department of Justice**  **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __SHORT, Michael__        __19407-076__        __Birmingham C__   __FPC Montgomery__
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.                UNIT                  INSTITUTION

**Part A—REASON FOR APPEAL**

PLEASE SEE ATTACHED.


__11-19-05__                                          __Michael Short__ (signature)
DATE                                                  SIGNATURE OF REQUESTER

**Part B—RESPONSE**









_____                          _____
        DATE                                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: __389807-A1__
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**
                                                    CASE NUMBER: __389807-R1__

Return to: __SHORT, Michael__        __19407-076__        __Birmingham C__   __FPC Montgomery__   Mo
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.                UNIT                  INSTITUTION

SUBJECT: _____

This response is an appeal of both (1) the Regional Administrative Remedy Response dated November 2, 2005, and (2) Warden Middlebrooks's response dated October 3, 2005, to my Request for Administrative Remedy which the Regional Response upheld.

The Regional Director cites Program Statement 5162.04, Categorization of Offenses to justify the Bureau of Prison's (the "BOP") denial of early release pursuant to 18 U.S.C. §3621(e). As I have stated in both my original request and my Regional Appeal, this Program Statement is invalid because it was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. §553 of the Administrative Procedure Act (the "APA"). Moreover, 28 C.F.R. §550.58, the rule which that Program Statement interpreted, was also invalid because it, too, was not issued in accordance with the APA.

Neither the Warden nor the Regional Director addresses my claim that denial of early release, based upon a judge-made enhancement, is also unlawful because it violates the Blakley/Booker/Fanfan decisions. Under those decisions, the BOP, just like judges, **cannot** take into consideration conduct for which a defendant was not found guilty by a jury and increase a defendant's sentence based upon self-made findings. Furthermore, the sentence enhancement was administered pursuant to 18 U.S.C. §3553(b)(1), a provision of law which has been declared unconstitutional in the Booker and Fanfan cases.

For the above stated reasons, I respectfully request that the responses of both the Warden and the Regional Director be overruled and that I be considered for early release pursuant to 18 U.S.C. §3621(e).


SHORT, Michael       19407-076       Birmingham C       FPC Montgomery

Administrative Remedy No. 389807-A1
Part B - Response

This is in response to your Central Office Administrative Remedy in which you appeal your ineligibility for early release consideration pursuant to 18 U.S.C. § 3621(e). You contend the Bureau of Prisons cannot deny your early release based upon a sentence enhancement.

18 U.S.C. § 3621(e) provides the Director of the Bureau of Prisons (BOP) the discretion to grant a sentence reduction of not more than one year upon the successful completion of the Residential Drug Abuse Program (RDAP). Pursuant to 28 C.F.R. § 550.58 and Program Statement 5330.10, Drug Abuse Programs Manual, the Bureau is authorized to deny inmates early release eligibility if, in the Director's discretion, the current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." Furthermore, on January 10, 2001, in Lopez v. Davis, the United States Supreme Court upheld 28 C.F.R. § 550.58 as a permissible exercise of discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).

Bureau records reflect you were convicted of 21 U.S.C. §§ 846 & 841(a)(1), and 18 U.S.C. § 2. At sentencing, and as part of your U.S. Sentencing Guidelines sentence, the Court determined you were in possession of a weapon at the time of your offense and applied a two-point enhancement as a Specific Offense Characteristic. In accordance with Program Statement 5162.04, Categorization of Offenses, Section 7.b., the Bureau used the sentencing court's imposition of the two-point enhancement as evidence that you met this criteria. There is no entitlement to an early release but it is at the Director's discretion. Therefore, we find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statements.

The cases cited in your appeal do not change the analysis of your case insofar as the sentencing court's imposition of the enhancement for your current offense has not been modified or otherwise vacated by a court with appropriate jurisdiction. Additionally, we find that the information in your Pre-Sentence Investigation Report (PSR) is sufficiently reliable to justify the decision.

Based on the above information, your appeal is denied.

January 25, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals

**U.S. Department of Justice**  **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __SHORT, Michael__ _____ __19407-076__ __Birmingham G__ __FPC Montgomery__
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

PLEASE SEE ATTACHED.

__10/11/05__  _____
   DATE            SIGNATURE OF REQUESTER

**Part B—RESPONSE**



_____  _____
        DATE                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: __389807-R1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                                              CASE NUMBER: __389807-R1__

Return to: __SHORT, Michael__ _____ __19407-076__ __Birmingham G__ __FPC Montgomery__
             LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT          INSTITUTION

I appeal Warden Middlebrooks' Response to Request for Administrative Remedy dated October 3, 2005, written in response to my Request for Administrative Remedy dated September 14, 2005.

Warden Middebrooks cites <u>Lopez v. Davis</u> as affirming the BOP's denial of early release based upon Program Statement 5330.10 and Program Statement 5162.04. <u>Lopez</u> specifically did not address the issue of whether the BOP, in using Program Statement 5162.04, relied upon an invalid Program Statement which, because it is invalid, cannot be used to deny me early release eligibility upon successful completion of RDAP. That Program Statement is invalid because it was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. §553 of the Administrative Procedure Act ("APA"), and the rule that the program statement interpreted, 28 C.F.R. §550.58, was also invalid, because it, too, had not been issued in accordance with the APA.

Moreover, the Warden's denial is unresponsive to my claim that the denial of early release violates the <u>Booker/Fanfan</u> decisions, because a judge-made enhancement is being used to deny me early release upon completion of RDAP.

For these reasons, I ask that the Warden's denial be reversed.

Michael Short    19407-076    Birmingham Unit    FPC Montgomery

Regional Administrative Remedy Appeal No. 389807-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted October 19, 2005. You allege the Bureau of Prisons (BOP) did not take into account court precedent which you state prohibits the Bureau of Prisons from using Program Statement 5162.04, <u>Categorization of Offenses</u> to deny you early release. As relief, you seek to have your eligibility for early release provisionally approved.

Program Statement 5162.04, <u>Categorization of Offenses</u>, states that inmates convicted of an offense listed in Section 7 (b) may be denied certain Bureau program benefits, including early release pursuant to 18 U.S.C. § 3621(e). You were convicted of 21 U.S.C. § 846, Aiding and Abetting in an Attempt to Possess With Intent To Distribute an Amount in Excess of 50 Grams of Methamphetamine, and 21 U.S.C. § 841(A)(1), Possession With Intent To Distribute Approximately 79 Tablets of Ecstasy. These violations are listed in Section 7(b) of the above mentioned Program Statement. During your sentencing, the court made a finding on whether or not your offenses warranted an enhancement. You received a Specific Offense Characteristic Enhancement for the possession of a firearm. This satisfies the standard listed in the introductory portion of Section 7.

Under the Director's discretion, the Bureau is authorized to withhold certain Bureau benefits including early release if an instant offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." The Court's decision to issue you a two point enhancement meets the aforementioned criteria.

The sentencing court issued you a two point Specific Offense Characteristic. This enhancement has not been modified or vacated by a court who has jurisdiction over your case. Additionally, we find that the information in your Pre-sentence Investigation Report (PSI) is sufficiently reliable to justify the decision.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC, 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

_____11-2-05_____        _____
Date                                    Regional Director, SERO

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | SHORT, Michael | 19407-076 | Birmingham G | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A – INMATE REQUEST**

By Informal Resolution Form dated 9/14/05, Mr. Pearson, my counselor, informed me that I was ineligible for early release upon completion of RDAP because of a two-point gun enhancement.

I believe this denial is incorrect because Program Statement 5162.04 cannot be used to deny me early release because it was not promulgated in compliance with the Administrative Procedure Act ("APA") and the rule the Program Statement interpreted was also not issued in compliance with the APA.

Finally, this denial of early release violates the Booker/Fanfan decisions because a judge-made enhancement is being used to deny me early release upon completion of RDAP.

Accordingly, I ask that Mr. Pearson's decision be reversed.

Thank you.

| 9/14/05 | | *Michael Short* |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B – RESPONSE**

FPC MAXWELL — RECEIVED SEP 20 PM 9:36

---

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 389807-F1

---

CASE NUMBER: 389807-F1

ORIGINAL: RETURN TO INMATE

**Part C – RECEIPT**

Return to: _____  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

| From: | Short, Michael | 19407-076 | Birmingham | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part B- RESPONSE**

Remedy ID - 389807-F1

This is in response to your Request for Administrative Remedy receipted September 20, 2005, in which you are seeking to be granted 3621(e) early release eligibility in spite of the two point gun enhancement applied to your sentence.

Program Statement 5330.10, Drug Abuse Programs Manual, Inmate, provides in Section 6.1.1 that "as an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...inmates whose current offense is a felony...that involved the carrying, possession, or use of a firearm or other dangerous weapons or explosives...." In addition, Program Statement 5162.04, Categorization of Offenses, provides in Section 7(b) that an inmate who was convicted of a drug offense under 21 U.S.C. 841 who also receives a two-level enhancement of possession of a firearm has been convicted of an offense that will preclude 3621(e) eligibility for early release. The authority of the Bureau of Prisons to make this determination has been affirmed by the U.S. Supreme Court in Lopez v. Davis.

A review of your Pre Sentence Investigation Report and Judgment in a Criminal Case confirms that you were convicted of a drug offense and that you received a two-level enhancement for possession of a firearm. Accordingly, based upon the above cited policies and Supreme Court decision, you are ineligible for 3621(e) early release. Therefore, your request for relief is denied.

In accordance with Program Statement 1330.13, Administrative Remedy Program, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

10-3-05
_____
DATE

_____
WARDEN

**FPC MONTGOMERY, AL.**
**INFORMAL RESOLUTION FORM**

DATE: 9/14/05         STAFF SIGNATURE: _____

INMATE NAME: Michael Short         REG. NO. 19407076         Inf. Rs.# _____

**NOTICE TO INMATE:** You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: I am being denied early release upon my completion of RDAP.

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: I have asked my DTS and the DAP Coordinator for reconsideration of the denial of my early release and have been denied. My DTS has referred me to my Unit Team for this form for me to pursue my administrative remedies.

3. STATE WHAT RESOLUTION YOU EXPECT: Determination that I am eligible for early release upon completion of RDAP.

INMATE SIGNATURE: Michael Short    DATE: 9/14/05

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: You have a 2 point enhancement for a firearm possession which is a crime that is listed under the Director's Discretion as contained in the Categorization of Offenses Program Statement.

COUNSELOR'S SIGNATURE: _____  DATE: 9-14-05
UNIT MGR'S REVIEW: _____  DATE: 9-14-05

STAFF ACTION:

____ NOT ACTED ON-STATE REASONS IN COMMENTS
____ INFORMALLY RESOLVED
✓ NO INFORMAL RESOLUTION-(BP-9) ISSUED
____ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|
| Date: 9-13-05 | 9-14-05 | 9-16-05 | 9-16-05 |
| Time: 10:00 AM | 3:30 pm | 11:30 am | 1:05 pm |
| Counselor: _____ | _____ | _____ | _____ |

(Stamp: MAXWELL AFB, AL  SEP 20 PM 9:36  RECEIVED)