UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

RECEIVED

2006 APR -3 A 9: 40

Michael Short,                )
                              )
Petitioner,                   )
                              )
-versus-                      )    Case No.: 2:06cv293-MEF
                              )
FEDERAL BUREAU OF PRISONS and )
Scott Middlebrooks, WARDEN, FPC Mongomery, )
                              )
Respondents.                  )

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241

COMES NOW the Petitioner, Micheal Short (the "Petitioner"), <u>pro se</u>, citing <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), <u>Byrd v. Stewart</u>, 811 F.2d 554, 555 (11th Cir. 1987) and <u>Fernandez v. U.S.</u>, 941 F.2d 1488, 1491 (11th Cir. 1991), holding that pleadings drafted by non-attorney litigants are held to less stringent standards than pleadings drafted by attorneys, and respectfully files this habeas corpus petition to move this Honorable Court for an **ORDER** to allow the Petitioner to receive the benefits of early release eligibility pursuant to 18 U.S.C. §3621(e)(2)(B) after his successful completion of a residential drug abuse treatment program. As grounds for the granting of this motion, the Petitioner states and shows as follows:

### JURISDICTION

This Court has jurisdiction to hear this petition.

**The Custody Requirement**

A petition for writ of habeas corpus filed by a federal inmate pursuant to 28 U.S.C. §2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons (the "BOP") that he or she is ineligible for a sentence reduction pursuant to 18 U.S.C. 3621(e)(2)(B). <u>Perez v. Hemingway</u>, 157 F.Supp.2d 790, 793 (E.D. Mich. 2001).

Habeas corpus is available to prisoners in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. §2241(c)(3). In the instant case, Petitioner is a federal prisoner now serving his imposed term of incarceration at the Federal Prison Camp Montgomery ("FPC Montgomery"), and it is Petitioner's claim in the instant habeas corpus motion that the BOP, the staff at FPC Montgomery, the RDAP staffs at nd his place of incarceration, FPC Montgomery, where Petitioner's initial ineligibility designation for early release pursuant to 18 U.S.C. §3621(e)(2)(B) was made, and the Warden at FPC Montgomery are all violating his constitutional right to be free and to due process of law.

Furthermore, this petition asserts that the BOP is denying Petitioner the early release benefits of RDAP based upon laws ("sentencing enhancements") which have recently been declared unconstitutional by the U.S. Supreme Court. Such application of unconstitutional provisions of law violate Petitioner's guaranteed constitutional right of due process as guaranteed by the Fifth Amendment to the United States Constitution. In essence, this petition involves the denial of a liberty interest.

### The Constitutional Violation

In denying Petitioner a sentence reduction of up to one year upon his successful completion of RDAP, the BOP is relying upon 18 U.S.C. §3553(b), e.g., the enhancement provisions of the United States Sentencing Guidelines (the "U.S.S.G."). However, the U.S. Supreme Court recently declared this provision of law unconstitutional in U.S. v. Booker and U.S. v. Fanfan, Nos. 04-104 & 04-105, 2005 WL 50108, 543 U.S. ____ (January 12, 2005). Consequently, because Petitioner has a reasonable expectancy of a one year sentence reduction and the BOP is acting in an arbitrary and capricious manner by applying an unconstitutional provision of law, Petitioner's continued incarceration violates the United States Constitution and the applicable federal laws which prohibit the application of unconstitutional provisions of law.

### Exhaustion of Administrative Remedies

In addition, as will be more fully set forth in the Statement of Facts of this Petition, this Court has jurisdiction to grant Petitioner's request because he has exhausted his administrative remedies. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988); Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992).

## VENUE

This habeas corpus petition has been filed pursuant to 28 U.S.C. §2241 ("2241") and, therefore, "must be brought in the jurisdiction where the petitioner is being confined. See 28 U.S.C. §2241; Hernandez v. Campbell, 204 F.3d861 (9th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 ("[Petitioner] is entitled to a judicial determination of whether he may proceed under §2241 and that determination can only be made in the district where he is incarcerated.").

## STATEMENT OF FACTS

0

On January 27, 2004, the United States District Court for the Western District of Tennessee (Western Division) sentenced the Petitioner to a term of twenty four (24) months in the custody of the BOP. A portion of the Petitioner's sentence was an enhancement based upon unproved allegations involving constructive possession of firearms.

The Petitioner had pled guilty to two counts of his indictment on May 13, 2004. The record of this case shows that the Petitioner was **never** told that facts surrounding a firearms enhancement would be used against him or that he had a Sixth Amendment right to have those facts presented to a jury. He had **no** warning at plea negotiations or at sentencing that, because of this alleged and unproved gun violation he would suffer loss of additional and judicial and administratively invoked privileges.

In fact, it was not until the Petitioner reached prison that the BOP made him aware that this **unproved allegation** would automatically cost him the opportunity to receive furloughs, affect his community corrections center placement, accept off compound work assignments and benefit from the early release provisions of the judicially recommended 500-hour Residential Drug AbuseProgram ("RDAP").

In April 2005, Petitioner applied for admission to RDAP while he was at FPC Montgomery. By RDAP Notice to Inmate dated April 28, 2005 Mrs. C. Ware, FPC Montgomery's RDAP Coordinator informed Petitioner that he was not provisionally eligible for early release when Petitioner completed RDAP, because of a two-level firearm enhancement. (A copy of such notice is annexed hereto as Exhibit A.)

Petitioner objected to this determination and filed an Informal Resolution Form when RDAP staff rejected his request that the initial determination of his ineligiblity for early release be reversed. When RDAP staff refused to determine Petitioner eligible, Petitioner filed a Request for Administrative Remedy (BP-9) dated September 14, 2005, with the Warden of FPC Montgomery. (A copy of Petit

(A copy of such notice is annexed hereto as Exhibit A.)

Petitioner objected to this determination and filed an Informal Resolution Form when RDAP staff rejected his request that the initial determination of his ineligiblity for early release be reversed. When RDAP staff refused to determine Petitioner eligible, Petitioner filed a Request for Administrative Remedy (BP-9) dated September 14, 2005, with the Warden of FPC Montgomery. (A copy of Petitioner's Request for Administrative Remedy is annexed hereto as Exhibit B.) In his request, Petitioner stated the he was eligible for early release for two reasons: (1) Program Statement 5162.04 cannot be used to deny him early release, because it and the rule it interpreted were not promulgated in compliance with the notice and comment procedures of 5 U.S.C. §550 of the Administrative Procedure Act (the"APA") and (2) denial of early release is in violation of the U.S. Supreme Court's recent decisions in U.S. v. Booker and U.S. v. Fanfan.

The Warden of FPC Montgomery failed to address either of the arguments made by Petitioner in his request for early release determination. The Warden's response, dated November 2, 2005, merely cited Program Statement 5162.04, without addressing any of Petitioner's arguments. (A copy of the Response to Request for Administrative Remedy is annexed hereto as Exhibit C.)

By Regional Administrative Appeal, (BP-10), Petitioner appealed the Warden's response. In his appeal, Petitioner again stated that (1) Program Statement 5162.04 and the rule it interpreted were invalid because they violated the APA and (2) the denial of Petitioner's request for early release was in violation of the U.S. Supreme Court's recent decisions in U.S. v. Booker and U.S. v. Fanfan. (A copy of Petitioner's Regional Administrative Appeal is annexed hereto as Exhibit D.)

The Southeast Regional Director answered Petitioner's appeal in a response dated November 2, 2005. In his response, the Regional Director upheld the Warden's decision and again failed to address either of Petitioner's arguments. (A copy of the Response to Petitioner's Administrative Remedy Appeal is annexed hereto as Exhibit E.)

Petitioner appealed the decision of the Regional Director on Nov. 19, 2005 (BP-11). In his appeal, Petitioner again reiterated that the Response of the Southeast Regional Director, like the Warden's response, was unresponsive to the issues Petitioner initially raised in his appeal of the Warden's decision.

(A copy of Petitioner's Central Office Administrative Remedy Appeal is annexed hereto as Exhibit F.)

The BOP Office of General Counsel denied Petitioner's appeal on January 25, 2006, again not addressing the reasons Petitioner gave for his request for early release. (A copy of the response from the Office of General Counsel is annexed hereto as Exhibit G.)

### ARGUMENT WITH INCORPORATED MEMORANDUM OF LAW

I. **The BOP's Regulations Violate the APA**

In enacting 18 U.S.C. §3621(e), Congress provided that "every prisoner with a substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment. . . ." 18 U.S.C. §3621(e). As an incentive for prisoners to seek treatment, Congress made up to one-year sentence reductions available to prisoners convicted of nonviolent offenses who successfully completed the substance abuse programs. 18 U.S.C. §3621(e)(2)(B).

Prior to 1997, a conviction accompanied by the possession of a firearm or other dangerous weapon could not be classified as "nonviolent" under the BOP's regulation and program statements. The Ninth Circuit rejected the BOP's interpretation, holding that the BOP cannot define "nonviolent offense" to include firearm possession when Congress defined "nonviolent offense" in precisely the opposite way by defining "nonviolent offense" to exclude firearm possession. Davis v. Crabtree, 109 F.3d 566, 569 (9th Circuit 1997).

Following the Ninth Circuit's rejection of the BOP's interpretation, the BOP amended its regulation and program statements governing prisoners' eligibility for early release. See C.F.R. §550.58; P.S. 5162.04 (October 9, 1997); P.S. 5330.10 (October 9, 1997)(the"1997 Rule and Program Statements"). However, the BOP's 1997 Rule and Program Statements excluded the same prisoners from early release eligibility who were excluded under prior rules. Rather than interpret the term "nonviolent offense," the BOP used its discretion to arrive at the same result. See id.

The courts have upheld this act of the BOP's discretion, but did not consider whether the October 1997 Rule and Program Statements were invalid because they were not implemented in accordance with the notice and comment provisions of the APA. See, e.g., Lopez v. Davis, 531 U.S. 230, 244(2001); Grassi v. Hood, 251 F.3d1218, 1221 (9th Cir. 2001); Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000), rev'g Gavis v. Crabtree, 28 F.Supp.2d 1264 (D.Or.1998)(holding that the BOP's new interpretation conflicted with the unambiguously expressed intent of Congress, meriting no deference).

In Bohner v. Daniels, 243 F.Supp.2d 1171 (D.Or. 2003), the Oregon District Court held that the 1997 rules were promulgated in violation of the APA and, therefore, were invalid. Id. at 1179. This holding resulted in prisoners who were accepted into RDAP being granted early release. Id.

**A. The 1997 Rule Violates the APA**

The APA requires federal agencies, such as the BOP, to publish substantive rules thirty days or more before they are effective. 5 U.S.C. §553(d). In situations where the rule is not published thirty days prior to the effective date, the Supreme Court has held that the rule is invalid as to those disqualified prior to the promulgation of the final rule. See Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 225 (1988)(Scalia, J., concurring); see also Buschmann v. Schweiker, 676 F. 352, 358 (9th Cir. 1982).

In Bohner, the court found that:

Based on the undisputed facts as to the procedural history of the rule promulgation, it is apparent that the procedures used to adopt the regulation did not comply with the APA. The Bureau violated the APA's thirty-day advance notice requirement by making the 1997 regulation effective as of October 9, 1997, rather than as of November 14, 1997, thirty days after the October 15, 1997 publication in the Federal Register. Thus, based on the undisputed facts, the requirements of the APA were not observed.

Bohner, 243 F.Supp.2d at 1174-75.

Furthermore, the court in Bohner found that the BOP violated Section 553(b)'s general notice requirement:

The purpose [of Section 553(b)] is both (1) to allow the agency to benefit from the expertise and input of the parties who file comments with regard to the proposed rule, and (2) to see to it that the agency maintains a flexible and open-minded attitude towards its own rules, which might be lost if the agency had already put its credibility on the line in the form of "final" rules.

Id. at 1175; see Nat'l Tour Brokers' Ass'n v. United States, 591 F.2d 896, 902 (D.C.Cir. 1978); see also Buschmann, 676 F.2d at 357 (observing that the notice and comment procedures protect "[t]he right of the people to present their views to the government agencies which increasingly permeate their lives" and that "[t]he interchange of ideas between the government and its citizenry

provides a broader base for intelligent decision-making and promotes greater responsiveness to the needs of the people. . . .").

In Bohner, the court found that "the BOP's violation of Section 553(b) is just as apparent as its violation of Section 553(d). The BOP referred to the 1997 rule as an "interim rule" and invited the public to submit their comments. Bohner, 243 F. Supp.2d at 1175. As is common with the majority of interim rules, the 1997 rule became effective immediately. The BOP published nothing in the Federal Register until October 15, 1997, although the effective date of the regulation was October 9, 1997. Id. In addition, the court found that no statutory exceptions to Section 553(b)'s notice and comment requirements applied. Id. at 1175-76.

On December 22, 2000, the BOP published another and supposedly final version of amended 28 C.F.R. §550.58. 65 Fed.Reg. 80745. This rule is similarly invalid for two reasons: (1) because it attempts to make the 1997 Rule final after that rule had already been ruled invalid and (2) although this rule was published in the Federal Register, it has, to date, never been codified in the C.F.R.

### B. Application of Bohner to Petitioner

Petitioner was convicted of a nonviolent offense and should be eligible for reduction of his period of custody pursuant to 18 U.S.C. §3621(e). Petitioner is entitled to be treated as eligible under the statute and former regulations because promulation of a rule without following the APA "renders it ineffective so far as extinguishing rights of those otherrwise within the class of beneficiaries. . . ." Morton v. Ruiz, 415 U.S. 199, 236(1974). It is Petitioner's contention that an improperly promulated rule cannot be cured by a properly promulated final regulation, and that relief is available to those adversely affected by the interim rule. See Bohner, 243 F.Supp.2d at 1176.

Lopez v. Davis, 531 U.S. 230, 242 (2001), does provide that the BOP has discretion to grant or deny early release consideration to inmates who qualified for RDAP. However, the Court in Lopez did not address the issue of the BOP violating the APA, so Lopez may not be used as precedent on the issue of APA violations.

### II. The BOP's Determination that Petitioner is Ineligible for Early Release is a Violation of Petitioner's Right of Due Process

Petitioner does not dispute that under 18 U.S.C. §3621(e)(2)(B), the BOP has the discretion to promulgate regulations and deny early release to prisoners

whose offenese were felonies involving the carrying, possession or use of a firearm. Lopez v. Davis, 531 U.S. 230, 238-43 (2001). However, Petitioner vigorously argues that an agency's determination cannot be based upon an unconstitutional application of law which are ipso facto an "abuse" of discretion.

On January 12, 2005, the U.S. Supreme Court consolidated two cases in order to clarify its ruling in Blakley v. Washington, 542 U.S. ____, 124 S.Ct. 2531 (2004). See U.S. v. Booker and U.S. v. Fanfan, Nos. 04-104 & 04-105, 2005 WL 50108, 543 U.S. ____ (January 12, 2005). The question presented to the Court in Booker and Fanfan was whether the application of the Federal Sentencing Guidelines violates the Sixth Amendment to the United States Constitution. The first question the government presented in these cases was as follows: "Whether the Sixth Amendment is violated by the imposition of an enchanceed sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant." Id. at Pet. for Cert. in No. 04-104, p. I. In an opinion by Justice Stevens, the Court answered the question in the affirmative. Applying its decisions in Apprendi v. United States, 530 U.S. 466 (2000), and Blakley v. Washington, supra, to the Federal Sentencing Guidelines, the Court held that, in the circumstances mentioned, the Sixth Amendment requires juries, **not** judges, to find facts relevant to sentencing. Id. at 1-2, 20.

In the instant case, Petitioner pled guilty to **two** count of his indictment. He was **never** told that facts surrounding a firearms enhancement would be used against him or that he had a Sixth Amendment right to have those facts presented to a jury. The fact that a jury did not rule on facts surrounding Petitioner's firearms enhancement deprives the BOP from using that uncharged and unproved conduct to deprive Petitioner of his reasonable expectancy of up to one year of sentence reduction upon his successful completion of RDAP. Moreover, Petitioner's sentence enhancement which the BOP is using to deny him early release was administered pursuant to 18 U.S.C. §3553(b)(1), a provision of law which has been declared unconstitutional by the U.S. Supreme Court in Booker and Fanfan. Petitioner contends that the BOP has abused its discretion and is acting in an arbitrary and capricious manner, in determining that Petitioner is ineligible for a sentence reduction based upon what would now be considered an unconstitutional sentence enhancement based upon constructive possession of a firearm.

It is important to recognize that Petitioner is **not** asking this Court to reconsider his sentence. He understands that only his sentencing court can reconsider his sentence. Petitioner is well aware that the Eleventh Circuit has already ruled that Apprendi, Blakley and Booker/Fanfan are not retroactively applicable to cases on collateral appeal. Varela v. U.S., 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005). However, this petition is not a collateral attack upon a sentence; consequently, retroactivity is not an issue. Denial of early release to Petitioner is not retroactive, but prospective - the denial of a future benefit based upon what is now an unconstituitional enhancement. In the instant case, the BOP is using an unconstitutiona judge-made finding to deny Petitioner a prospective benefit, i.e., early release pursuant to 18 U.S.C. §3621(e). Petitioner's claim takes place **after** Apprendi, Blakley and Booker/Fanfan. Accordingly, it does not involve retroactivity. In denying Petitioner consideration for early release upon the successful completion of RDAP, the BOP is denying Petitioner due process of law.

## CONCLUSION

For the foregoing reasons, Petitioner prays that this Court issue an Order directing the Bureau of Prisons grant Petitioner up to one year of early release pursuant to 18 U.S.C. §3621(e) upon his suceessful completion of the Residential Drug Abuse Program ("RDAP").

Respectfully submitted,

*[signature]*

Dated: **March**
       **Michael A. Short**

       **Montgomery**, Alabama      19407-076

## Certificate of Service

I, Michael A. Short, hereby certify that a true and correct copy of this document was furnished by U.S. mail, postage prepaid to the following:

The honorable Clerk of Court
United State District Court
Middle District of Alabama
Northern Division
P.O. BOX 711
Montgomery, Al 36101

U.S Attorney
Attn. Civil Process Clerk
One Court Square
Montgomery, Al 36104

Done this 22 day of March, 2006

Michael A. Short
Birmingham Unit
FPC Montgomery
Maxwell AFB
Montgomery, Al. 36112