IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL SHORT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No.: **2:06-CV-293-MEF-DRB** |
| | ) |
| SCOTT MIDDLEBROOKS, | ) |
| | ) |
| Respondent. | ) |

## RESPONSE TO PETITION FILED PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2241

Comes now the Respondent, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and pursuant to the Court's Orders, responds

to the petition filed pursuant to 28 U.S.C. § 2241.

### I.    *Petition*

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241,

claiming the Bureau is denying him early release pursuant to 3621(e) due to a sentencing

enhancement for possession of a firearm.

As the petitioner is proceeding pro-se in this action his pleadings and motions will

be held to less stringent standards than formal pleadings drafted by lawyers.  Byrd v.

Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th

Cir.1991).  The habeas corpus petition is due to be denied.

## II.    Parties

### A.    Petitioner

The pro se petitioner, Michael Short, federal register number 19407-076, is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama.   (Exhibit 1 - Public Information Inmate form).  The petitioner is serving a 24 month sentence 24 month sentence (with 3 years supervised release to follow) for Aiding and Abetting in the Attempt to Possess With intent to Distribute an Amount in Excess of 50 Grams of Methamphetamine and Possession With Intent to Distribute Approximately 79 Tablets of Ecstasy in violation of Title 21 USC § 846, 18 USC § 2 and 21 USC sec 841(a)(1). (Exhibit 2 - Judgment and Commitment order for Case no. 2:04-cr-0032-01-MI)  The petitioner has a projected release date of December 19, 2006, via good conduct time release.  Exhibit 1, at page 3.

### B.    Respondent

The petitioner has named Scott Middlebrooks, Warden FPC Montgomery, as Respondents in this matter.  The only proper Respondent in federal habeas cases is the custodian of the petitioner.  See 28 U.S.C. 2242; Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (2004).  The Warden is the proper Respondent.

## III.        Subject Matter Jurisdiction

The petitioner brings this action pursuant to 28 U.S.C. § 2241.  Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make

the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).[1]

## IV.    Venue

Venue in a Habeas Corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained.  A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody.  Hajduk v. U.S., 764 F.2d 795 (11th Cir. 1985).  Venue is appropriate.

## V.    Service of Process

Service of process for a Habeas Corpus Petition is governed by 28 U.S.C. § 2243, "The Writ or Order To Show Cause shall be directed to the person having custody of the person detained."  Records reflect the Warden was served via certified mail on or about April 24, 2006.

## VI.    Complaint

The petitioner claims that at the time he entered the guilty plea he was not advised that the firearms enhancement would be used against him or that he has a sixth amendment right to have those facts presented to a jury.  Complaint, page 3.  The petitioner states that

---

[1]    However, here 28 U.S.C. § 2241 may not be appropriate because as explained below it appears the petitioner essentially seeks to challenge his criminal conviction which must first be brought under 28 U.S.C. § 2255.  The petitioner cannot show that a § 2255 petition is inadequate or ineffective to challenge the legality of his detention.

he has been denied due process because it was not until he arrived to prison that he was

advised the firearm enhancement would make him ineligible for furloughs, community

corrections center placement, and benefit form early release provisions of the Residential

Drug Abuse Program (RDAP).  He claims the denial of early release is a violation of the

Booker and Fanfan.  Last, the petitioner claims the BOP regulations violate the

Administrative Procedures Act and are therefore invalid.  Complaint at 5.

## VIII.   Facts

As part of his sentence, the sentencing court recommended that the petitioner

participate in the 500 hour intensive drug rehabilitation program while incarcerated.

(Exhibit 2, page 3).  The petitioner was eligible to participate in the program.  However, in

consideration for early release consideration under 18 USC § 3621(e), the Unit team was

requested to conduct a review to determine whether the petitioner was eligible for early

release as part of the Residential Drug Abuse Program (RDAP).  Staff  reviewed the

petitioner's Pre-Sentence Investigative Report (PSR) which reflected that inmate Short

consented to the search of his residence and accompanied officers on the search.

(Declaration of Mildred Perryman, Case Manager).  During the search, inmate Short

pointed out to the officers the locations of money, narcotics, and handguns.  The search

revealed 1 loaded Taurus .40 caliber handgun, 1 loaded Taurus .45 caliber handgun, 1 .22

caliber revolver, a digital scale with spoons, 48.5 gm marijuana, 380.7 gm gamma hydroxy

butyric acid, 46 Ecstasy pills, 5.0 gm methamphetamine, other medications and over

$11,000 in cash.  Id.  The petitioner received a two point Specific Offense Characteristic (SOC) enhancement for possession of a Firearm in accordance with U.S.S.G. § 2D1.1(b)(1).  Id.

On July 29, 2005, the petitioner filed a Motion to Modify Sentence, and amended same on August 15, 2005.  Exhibit 5.  Apparently challenging the gun enhancement on the basis of Blakely v. Washington, 542 U.S. 296 (2004), and ostensibly on Booker, the petitioner sought to have any reference to the enhancement deleted and its effects on his period of incarceration diminished.  In response, the government noted that the petitioner had agreed to the gun enhancement as part of a plea agreement.  Exhibit 6.  Relying on the government's response, the Court denied the petitioner's motion.  Exhibit 7.

On April 28, 2005, the petitioner signed the Residential Drug Abuse Program Notice to Inmate form which advised him that he was not eligible for early release due to the two point enhancement for a firearm.  (Exhibit 3, - Residential Drug Abuse Program Notice to Inmate, dated April 28, 2005, and Perryman Declaration). This determination is consistent with the Program Statement 5162.04, Categorization of Offenses.  (Exhibit 4, and Perryman Declaration).  The petitioner completed the Drug Abuse Treatment Program on February 24, 2006.  (Perryman Declaration).

The petitioner has exhausted his administrative remedies regarding this issue.  (See the Administrative Remedy packet attached to the Petitioner's pleading).

### IX.    *BOP Regulations and Program Statement*

Pursuant to the Violent Crime Control & Law Enforcement Act of 1994

(VCCLEA), Congress required the BOP to "make available appropriate substance abuse

treatment for each prisoner the BOP determines has a treatable condition of substance

abuse addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to

participate in a substance abuse or addiction program, Congress gave the BOP the

discretion to reduce the sentence of an inmate by up to 12 months where the inmate was

convicted of a nonviolent offense(s) and completed a residential drug treatment program

during his current commitment. 18 U.S.C. § 3621(e)(2)(B).

In 1995, the BOP published a regulation, 28 C.F.R. § 550.58, to implement the

early release incentive, as well as related Program Statement (P.S.) 5162.02,

Categorization of Offenses, which identified the specific offenses that disqualified an

inmate from eligibility for early release. On October 15, 1997, the BOP amended 28

C.F.R. § 550.58. See 62 Fed. Reg. 53691 (1997). The revised regulation abandoned its

earlier incorporation of a "crime of violence" definition in 18 U.S.C. § 924(c)(3), and

adopted new criteria for determining an inmate's eligibility for early release for

participation in a drug treatment program. 28 C.F.R. § 550.58 (a)(1)(vi)(B) indicates that

inmates whose current offense was a felony which involved "the carrying, possession or

use of a firearm or other dangerous weapons or explosives" are not eligible for early

release under § 3621(e)(2)(B). 28 C.F.R. § 550.58 was made immediately effective

although it was not published in the Federal Register until October 15, 1997.  Comments

on the interim rule were due on December 15, 1997.

To implement this new rule the BOP issued P.S. 5162.04, <u>Categorization of</u>

<u>Offenses</u>, dated October 9, 1997.  Section 2 of that statement provides that "[a]n inmate

will be denied the benefits of certain programs if his or her offense is either a crime of

violence or an offense identified by at the discretion of the Director of the Bureau of

Prisons."  (Exhibit 5 - PS 6152.04, <u>Categorization of Offenses</u>, dated October 9, 1997).

On December 22, 2000, the BOP replaced the 1997 interim rule with a final

published regulation, "Drug Abuse Treatment and Intensive Confinement Center

Programs: Early Release Consideration," which adopted the interim rule without change.

See 65 Fed. Reg. 80745-80749, December 22, 2000.  This completed the notice and

comment requirements imposed by the APA.

According to PS 5162.04, it is within the Director's discretion to preclude an

inmate from early release under 18 U.S.C. § 3621(e) if he is convicted of certain offenses,

and receives an Specific Offense Characteristic (SOC) enhancement for possession of a

firearm.  The following example provided in the program statement is illustrative of the

application of this policy:

> <u>Example</u>:  Section 841 of Title 21, United States Code makes
> it a crime to manufacture, distribute, or possess with the intent
> to distribute drugs.  Under the Sentencing Guidelines (§ 2D1.1
> and § 2D1.11), the defendant could receive an increase in his
> or her base offense level because of a "Specific Offense
> Characteristic" (for example, if a dangerous weapon was

possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

PS 5162.04, section 2, page 11.

The petitioner's situation almost mirrors the example provided in the program statement. According to the PSI, the petitioner was given a two point SOC enhancement for possession of a dangerous weapon in accordance with U.S.S.G. § 2D1.1(b)(1). Five firearms were found during the search of the petitioner's residence. These firearms were easily accessible and were found in the same location in which the drugs were found. According to the PSI, it is probable that these weapons were possessed in connection with the offense due to their presence, nature (many were loaded), location and quantity. The presence of these weapons created a substantial risk of harm to the petitioner and to law enforcement officers.

### X.    *Legal Analysis*

#### A.    The <u>Booker</u> and <u>Fanfan</u> Decisions Are Not Applicable to the Petitioner's Claims.[2]

The petitioner claims that the denial of his early release is a violation of the Supreme Court's decisions in <u>United States v. Booker</u> and <u>United States v. Fanfan</u>.  The result of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005)[3] was to delete the mandatory nature of the Federal Sentencing Guidelines which made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Varela v. United States</u>, 400 F.3d 864, 867 (11th Cir. 2005) (quoting <u>Booker</u>, 125 S.Ct. at 756).

The Court's holding in <u>Booker</u> has no bearing on the facts of this case.  As

---

[2]    The respondent acknowledges that the petitioner's motion may not properly be before this Court as it attacks the sentence imposed as opposed to the conditions of confinement to the degree the petitioner seeks to have the gun enhancement invalidated on the basis of <u>Booker</u>. Petitioner's present motion could be construed as a second or successive motion under Title 28, United States Code, Section 2255 in light of his July 29, 2005 Motion to Amend filed in the sentencing court.  The petitioner has not indicated that the present motion has been certified in accordance with § 2255 by the appropriate court of appeals.  Moreover, any second motion seeking to invalidate the gun enhancement would have to be brought in the sentencing court.

The present motion could also be construed as a first motion under § 2255 that would be filed beyond the 1 year statute of limitation for filing.  As such, the instant motion would be due to be dismissed as the petitioner has not met his burden of establishing the applicability of the 'savings clause' provisions of § 2255, that, if applicable, would entitle this Court to entertain the instant motion to the degree that it attacks the validity of the sentence imposed.

[3]    No. 105 <u>United States v. Fanfan</u> was decided with the <u>Booker</u> decision.

indicated herein, the petitioner entered pleas of guilty to: 1) aiding and abetting the

attempted possession of with the intent to distribute in excess of 50 grams of

methamphetamine and 2) possession with intent to distribute 79 tablets of Ecstasy. The

petitioner entered his plea of guilty pursuant to an agreement that included his agreement

that he would "receive a 2 point enhancement pursuant to § 2D1.1(b)(1) of the sentencing

guidelines." Exhibit 5, pg. 3. Having agreed to the inclusion of the enhancement, the

petitioner admitted the conduct underlying the enhancement, foreclosing the need for any

proof of same. The petitioner thus suffered no violation of his constitutional rights.

**B.    The BOP Regulation Does Not Violate the APA**

Inasmuch as the petitioner claims P.S. 5162 violates notice and comment provisions

of the Administrative Procedures Act, the claim must fail. The petitioner argument is that

P.S. 5162.04 is invalid because it violates the notice and comment provisions of the APA.

He cites to many cases in support of his position, mainly <u>Bohner v. Daniels</u>, 243 F. Supp.

2d 1171 (D.Or. 2003), and others. Complaint at 5-6. In These cases, the district courts

held that P.S. 5162.04 could not be used to deny early release where the program statement

was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. §

553 of the APA, and the rule that the program statement purported to interpret, namely 28

C.F.R. § 550.58, was likewise invalid, because it too, had not been issued in compliance

with the APA. See <u>Bohner</u>, 243 F.Supp. 2d at 1174-79.

The petitioner's reliance upon <u>Bohner</u>, and the other cases he cites is misplaced because they dealt with the interim rule and related program statement and found that they had not been validly promulgated under the APA at the time they were applied to the federal inmate at issue.  In this case, however, the applicable regulation became a final rule, in compliance with the APA, on December 22, 2000, more than four years before the petitioner was sentenced.  On December 22, 2000, the BOP replaced the 1997 interim rule with a final published regulation, "Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration," which adopted the interim rule without change.  See 65 Fed. Reg. 80745-80749.  This completed the notice and comment requirements imposed by the APA.

Therefore, the BOP appropriately applied the program statement to the petitioner's case to determine that he was ineligible for early release for participation in the drug treatment program.  The interim regulation which was found invalid in <u>Bohner</u> has thus been superseded by the final rule.  See, <u>Grassi v. Hood</u>, 251 F.3d 1218, 1222 n.3 (9th Cir. 2001).

**C.    The BOP's Construction and Interpretation of the statute is Reasonable**

Inasmuch as the petitioner's claims the BOP abused its discretion in denying him consideration for early release because the regulations and program statements upon which the BOP relied are invalid, this claim must be rejected.

Recently the Supreme Court has held that the BOP's regulations regarding early release criteria under RDAP is a permissible exercise of the BOP's discretion under § 3621(3)(2)(B). Section 3621(3)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised. Lopez v. Davis, 531 U.S. 230 (2001). The Supreme Court held that Section In Lopez, the Supreme Court considered whether the BOP could categorically deny early release to prisoners who completed the RDAP program if their current offense was a felony attended by the carrying, possession, or use of a firearm. In addressing the issue, the Supreme Court stated; "The BOP need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb." 531 U.S. 230, at 231. "The statutes restriction of early release eligibility to non-violent offenders does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B). Id. at 231-232.

Likewise, in Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) the Eleventh Circuit was confronted with a habeas corpus petition whereby an inmate alleged that the BOP impermissibly exercised its administrative discretion in determining that his offense of being a felon in possession of a firearm was a crime of violence thus, precluding him from a one year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Id. The issue in the case was whether P.S. 5162.02 was valid. The Eleventh Circuit extensively dealt with the issue of the BOP's authority to determine what constitutes a "crime of violence," and determined the BOP's interpretation of § 3621(e)(2)(B) was reasonable.

Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP.  As 18 U.S.C. § 3621(e)(2)(B) states.  And that decision is not subject to judicial review.  See 18 U.S.C. 3625; Wiley 208 F.3d at 1319 (citations omitted); Ward v. Booker, 202 F.3d 1249, 1254 n. 5 (10th Cir. 2000); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) (stating that "it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rule making decisions").  As the Fourth Circuit explained such expansive discretion is necessary under § 3621(e)(2)(B) is necessary to permit the BOP to balance the dual objectives expressed in the statute: encouraging prisoners to complete substance abuse treatment programs and preventing the early release of potentially violent felons.  See Wiley, 208 F.3d at 1319; citing Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999).

**D.    Neither 18 U.S.C. § 3621(e)(2)(B) Nor The Due Process Clause Creates A Liberty Interest In Early Release.**

Petitioner also alleges he has been denied due process in being deemed ineligible for early release consideration.  The BOP has the authority to determine whether an inmate should receive any sentence reduction after completing a drug program.  However, federal courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional protection.  See, Wiley, 208 F.3d at 1322 - 23 (holding that 18 U.S.C. § 3621(e) creates no constitutionally protected liberty interest and concluding that the BOP's refusal to consider petitioner for a sentence reduction did not violate his due

process rights); <u>Rublee v. Fleming</u>, 160 F.3d 213, 216 (5th Cir. 1998) (finding that the BOP

has discretion to deny sentence reductions even to those inmates who successfully

complete a treatment program); <u>Fristoe v. Thompson</u>, 144 F.3d 627, 620 (9th Cir. 1998).

     **E.**    **Petitioner Does Not Have An Equal Protection Claim**

To the extent the petitioner claims his equal protection rights are being violated,

that argument is due to be rejected.  The Complaint does not allege that the petitioner falls

into a protected class or that the BOP acted (or failed to act) towards him as a member of a

protected class.  In order to analyze an equal protection claim, a court must determine

whether the challenged classification is one which involves a suspect class or the exercise

of a fundamental right.  See <u>Plvler v. Doe</u>, 457 U.S. 202, 216-17 (1982).

The petitioner does not fall into a protected class and incarceration is not an

immutable characteristic nor is it an invidious basis for discrimination.  See <u>Thornton v.</u>

<u>Hunt</u>, 852 F.2d 526 (11th Cir. 1988); <u>Moss v. Clark</u>, 886 F.2d 686 (4th Cir. 1989); <u>Brandon</u>

<u>v. District of Columbia Board of Parole</u>, 823 F.2d 644 (D.C. Cir. 1987).  Moreover, courts

have demonstrated their reluctance to hold that any two prisoners are ever similarly

situation.  In <u>Rowe v. Cuvler</u>, 534 F. Supp. 297 (E.D. Pa. 1982), <u>affirmed</u>, 696 F. 2d 985

(3rd Cir. 1982), the court stated:

> ...it is difficult to believe that any two prisoners could ever
> be considered "similarly situated" for purposes of judicial
> review on equal protection grounds of broadly discretionary
> decisions because such decisions may legitimately be
> informed by a broad variety of an individual's characteristics.

534 F.Supp. at 301.

        Respectfully submitted this 22nd day of May, 2006.

                                     LEURA G. CANARY
                                     United States Attorney

                            By:   s/R. Randolph Neeley
                                   R. Randolph Neeley
                                   Assistant United States Attorney
                                   Bar Number:  #9083-E56R
                                   Attorney for Defendant
                                   United States Attorney's Office
                                   Post Office Box 197
                                   Montgomery, AL  36101-0197
                                   Telephone: (334) 223-7280
                                   Facsimile:  (334) 223-7418
                                   E-mail:  **rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

        I hereby certify that on May 22, 2006, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by

United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

                              Michael Short, Reg. # 19407-076
                              Maxwell Federal Prison Camp
                              Maxwell Air Force Base
                              Montgomery, AL 36112

                                   s/R. Randolph Neeley
                                   Assistant United States Attorney