# Exhibit 4



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

**OPI:** OGC
**NUMBER:** 5162.04
**DATE:** October 9, 1997
**SUBJECT:** Categorization of Offenses

1. PURPOSE AND SCOPE. To assist in the implementation of various Federal Bureau of Prisons policies and programs. Section 6 of this Program Statement lists offenses the Bureau categorizes as crimes of violence as that term is used in various statutes. In addition, Section 7 lists offenses that in the Director's discretion shall preclude an inmate's receiving certain Bureau program benefits.

2. PROGRAM OBJECTIVE. The expected result of this program is:

An inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons.

3. DIRECTIVES AFFECTED

a. Directive Rescinded

| | |
|---|---|
| OM 149-96 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Ninth Circuit (12/24/96) |

b. Directives Referenced

| | |
|---|---|
| PS 5110.11 | Notification of Release to State and Local Law Enforcement Officials (10/31/95) |
| PS 5162.02 | Definition of Term, Crimes of Violence (7/24/95) |

| | |
|---|---|
| PS 5322.09 | Classification and Program Review of Inmates (3/10/94) |
| PS 5330.10 | Drug Abuse Programs Manual, Inmate (5/25/95) |
| PS 5390.07 | Intensive Confinement Center Program (4/24/96) |
| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 5800.08 | Receiving and Discharge Manual (6/15/93) |
| PS 5880.28 | Sentence Computation Manual (CCCA of 1984) (2/21/92) |
| PS 5880.30 | Sentence Computation Manual (Old Law, Pre-CCCA of 1984) (7/16/93) |

4. STANDARDS REFERENCED. None.

5. APPLICATION. Criminal offenses are defined in many different titles of the United States Code including Titles 7, 16, 18, 21, 26, 29, 30, and 46. The offenses contained in these titles that may be crimes of violence are listed in Section 6. Section 7 lists offenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate's receiving certain Bureau program benefits at the Director's discretion.

Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units. Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e) and placement in Intensive Confinement Centers, indicate that an inmate may be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7. When an inmate may be denied a program benefit under either Section 6 or 7, staff must carefully explain the basis for the denial. For example, if an inmate is convicted of an offense listed in Section 7, the inmate should be denied a program benefit because he or she committed an offense identified at the Director's discretion, rather than a crime of violence.

If a particular Code section in these titles is not listed in Section 6 or Section 7, and case management staff believe the crime might be violent, or might preclude an inmate's receiving certain Bureau program benefits, they shall contact legal staff at the institution or the Regional Counsel. Also, if a Judgment and Commitment Order (J&C) references a United States Code section that is not found in Titles 7, 16, 18, 21, 26, 30, 42, or 49, they should contact legal staff at the institution or the

Regional Counsel to determine whether a recommendation should be made to change the policy to incorporate the offense in question.

Some of the Code sections may be listed in more than one section below; such duplication is indicated by an asterisk. In such cases, staff are to check subsequent sections of the Program Statement to determine whether the offense is a crime of violence or an offense that would otherwise preclude an inmate's receiving certain Bureau program benefits.

6. OFFENSES CATEGORIZED AS CRIMES OF VIOLENCE

a. Criminal Offenses That are Crimes of Violence in **All Cases**. Some Bureau policies or programs require a determination that an inmate committed a crime of violence, for example, the Program Statement on Inmate Discipline and Special Housing Units. Other policies or programs, such as early release pursuant to 18 U.S.C. § 3621(e), indicate that an inmate could be denied the benefits of such programs if he or she was convicted of an offense listed in either Section 6 or 7.

Any conviction for an offense listed below is categorized as a crime of violence.

(1) Title 18, United State Code Sections

- **32** destruction of aircraft
- **34** penalty when death results
- **35(b)** conveying false information that harms human life
- **36** firing weapons into group of persons **(VCCLEA addition)**
- **37** violence at international airports **(VCCLEA addition)**
- **43(b)** animal enterprise terrorism causing death or injury
- **81** arson w/in maritime jurisdiction
- **111** assaulting officers of the United States
- **112(a)** assaulting foreign officials
- **113** assaults w/in maritime jurisdictions
- **114** maiming w/in maritime jurisdiction
- **115** threatening family member of a federal official

- **175** biological weapons
- **231** civil disorders
- **245** federally protected activities
- **247(a)(1)** damage to religious property/obstruction of exercise of religion
- **247(a)(2)** obstruction of persons in free exercise of religion
- **351** assassination of cabinet and congress members
- **373** soliciting to commit a violent act
- **753** rescue of an inmate to prevent execution
- **842** explosive materials
- **844** penalties
- **871** threats against the President
- **875(a),(b), (c)** interstate communications
- **878** threats against foreign officials
- **879** threats against former presidents
- **922(a)(4), (a)(7),(a)(8), (b)(4),(b)(5), (d)(1),(d)(2), (d)(4),(d)(8), (o),(p)** firearms violations
- **924(c)** firearms used in violent or drug trafficking crimes
- **930(b)&(c)** possession of firearms in federal facilities
- **970(a)** damage of property owned by foreign governments
- **1091** genocide
- **1111** murder
- **1112** manslaughter
- **1113** attempt to commit murder or manslaughter
- **1114** murder of officers
- **1116** murder of foreign officials
- **1117** (conspiracy to murder)
- **1118** murder in correctional institution **(VCCLEA addition)**
- **1119** foreign murder of US national **(VCCLEA addition)**
- **1120** murder by escaped prisoner **(VCCLEA addition)**
- **1121** murder by state or local officer **(VCCLEA addition)**
- **1201** kidnapping

- 1203 hostage taking
- 1204 international parental kidnapping
- 1364 interference by foreign commerce by violence
- 1365 tampering with consumer products **except** 1365(b),(c)
- 1512(a) killing witness or victim
- 1513 retaliation against witness or victim
- 1581 peonage
- 1583 enticement into slavery
- 1584 sale into servitude
- 1585 slave trading
- 1587 possession of slaves aboard a vessel
- 1588 transporting slaves
- 1651 piracy
- 1652 citizens as pirates
- 1653 aliens as pirates
- 1655 assault on commander as pirates
- 1659 attack to plunder a vessel
- 1661 robbery ashore
- 1751 assassination of president or staff
- 1792 mutiny or riot
- 1859 surveys interrupted
- 1864 hazardous devices on federal lands
- 1958 use of interstate commerce in murder for hire
- 1959 violent crimes aiding racketeering
- 1991 entering train to commit crime
- 1992 wrecking trains
- 2101 riots
- 2111 special maritime jurisdiction
- 2113(d),(e) bank robbery and incidental crimes
- 2114 assault of person carrying mail
- 2115 breaking into post office
- 2118(a),(b),(c) robberies and burglaries involving controlled substances
- 2119 crimes involving motor vehicles
- 2191 cruelty to seamen
- 2231(b) assault or resistance
- 2232(a) destruction of property to prevent seizure
- 2233 rescue of seized property
- 2241 aggravated sexual abuse
- 2242 sexual abuse
- 2244(a) abusive sexual contact

- **2245** sexual abuse resulting in death **(VCCLEA addition)**
- **2261** interstate domestic violence **(VCCLEA addition)**
- **2275** firing or tampering with vessels
- **2276** breaking and entering vessels
- **2280** violence against maritime navigation **(VCCLEA addition)**
- **2281(NOT(A))** violence against fixed platforms **(VCCLEA addition)**
- **2332** penalties for homicide
- **2332a** use of weapons of mass destruction **(VCCLEA addition)**
- **2340A** torture
- **2383** rebellion or insurrection
- **2384** sedition conspiracy
- **2385** advocating the overthrow of the government
- **2389** recruiting for service against U.S.
- **2390** enlistment to serve against U.S.
- **2421** transportation for illegal sexual activity
- **2422** coercion into interstate travel for illegal sexual activity
- **2423** transportation of minors for illegal sexual activity

(2) Title 21 United States Code Sections

- **841(e)** boobytraps on federal property
- **848(e)** death penalty for criminal offenses
- **858** endangering human life while manufacturing controlled substances

(3) Title 26 United States Code Sections

- **5861(a) thru (l)** firearms

(4) Title 42 United States Code Sections

- **2000(e)(13)** killing of officer while enforcing Equal Employment Act
- **2283(a)** protection of nuclear inspectors
- **2284(a)** sabotage of nuclear facilities
- **3631** interference with housing

(5) Title 49 United States Code Sections

- ♦ **46502** aircraft piracy
- ♦ **46504** interference with flight crew members
- ♦ **46505(c)** carrying a weapon on an aircraft
- ♦ **46507** false information and threats

b. * Title 18, United States Code Section 2113(a). Title 18, United States Code Section 2113(a) provides in part:

> **"Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . shall be fined under this title or imprisoned not more than twenty years, or both."**

This statute covers various offenses, including not only bank robbery but also embezzling bank funds, stealing bank property, and bank larceny.

With regard to the specific crime of bank robbery, the offense shall be considered a crime of violence, since the offense involves an explicit or implicit threat of force and thus has as an element the threatened use of physical force against the person or property of another. For offenses pursuant to § 2113(a) other than bank robbery, see Section 7.e. below.

c. Conspiracy, Attempt, and Similar Offenses Which Involve an Underlying Offense. The statutes listed in this section cover conspiracy offenses (see, e.g., 18 U.S.C. § 371) when an individual has planned with others to commit a particular crime. Other listed statutes cover attempted offenses, i.e. when an individual tried but did not succeed in committing the crime. In reviewing these types of offenses, it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do). If the underlying offense is categorized as violent pursuant to Section 6.a. of this Program Statement, e.g., murder, then the attempt or the conspiracy offense is also

violent. The underlying offense will be included in the PSI and may be noted on the J&C.

Other statutes listed in this section do not criminalize behavior but set out penalties that result from violating other statutes.

> Example: 18 U.S.C. § 924(a)(1)(B) provides that whoever **"knowingly violates subsection (a)(4),(f),(k),(r),(v), or (w) of section 922 . . . shall be fined under this title, imprisoned not more than five years, or both."**
>
> The J&C may indicate the sentence was imposed pursuant to the penalty provisions of § 924(a)(1)(B) without indicating the conviction for the underlying offense. The PSI, however, notes the underlying conviction, "Transporting a Destructive Device in Interstate Commerce" [18 U.S.C. § 922(a)(4)]. In order to determine whether the offender's current offense is violent, staff should assess whether the underlying offense is violent in accordance with Section 6.a. of this Program Statement; if the underlying offense is violent, then the offender should be deemed violent.

The following offenses **may** be violent depending on the underlying offense.

Title 18, United States Code Sections

- ***241** conspiracy to deprive civil rights **(if conspiracy)**
- ***371** conspiracy to commit offense/fraud against U.S.
- ***372** conspiracy to impede or inure officer
- ***924** penalties for firearms violations
- ***1962** racketeering
- ***2118(d)** robberies involving controlled substances

7. OFFENSES THAT AT THE DIRECTOR'S DISCRETION SHALL PRECLUDE AN INMATE'S RECEIVING CERTAIN BUREAU PROGRAM BENEFITS. For certain Bureau programs, such as early release pursuant to 18 U.S.C. § 3621(e) and placement in Intensive Confinement Centers, an inmate may be denied program benefits if he or she was convicted of an offense listed in either this section or Section 6. If an

inmate is denied the benefit of such a program, staff must
carefully describe the basis for the denial.  For example, if an
inmate is convicted of an offense listed in this section, the
inmate shall be denied a program benefit because he or she
committed an offense identified at the Director's discretion,
rather than a crime of violence.

As an exercise of the discretion vested in the Director, an
inmate serving a sentence for an offense that falls under the
provisions described below shall be precluded from receiving
certain Bureau program benefits.

Inmates whose current offense is a felony that:

- has as an element, the actual, attempted, or threatened use
  of physical force against the person or property of another,
  or

- involved the carrying, possession, or use of a firearm or
  other dangerous weapon or explosives (including any
  explosive material or explosive device), or

- by its nature or conduct, presents a serious potential risk
  of physical force against the person or property of another,
  or

- by its nature or conduct involves sexual abuse offenses
  committed upon children.

Thus, for an inmate to receive Bureau program benefits such as
those mentioned above, he or she must not be convicted of an
offense listed in this section or in Section 6.

    a.  Criminal Offenses with an Enhanced Base Offense Level.
Convictions for an offense listed below may or may not satisfy
the standard listed in the introductory portion of Section 7.

    At the time of sentencing, the court makes a finding of whether
an offense listed below involved the use of force, and this
finding is reflected in the PSI section entitled "Offense
Computation," subsection entitled "Base Offense Level."  This
subsection references a particular U.S. Sentencing Guideline

provision that distinguishes between violations of the particular criminal code section that are committed with and without force.

Example: Title 18 United States Code Section 241, Conspiracy Against Rights provides:

> **"If two or more persons conspire to injure, oppress, threaten or intimidate any person . . . in the free exercise or enjoyment of any right or privilege. . . ."**

This crime may or may not be committed through the use of force or threatened use of force, since one can be oppressed through means other than force. Pursuant to U.S. Sentencing Guideline Section 2H2.1:

- if the crime involved obstructing an election or registration, and the obstruction occurred using force or threat of force against persons or property, the base offense level is 18, or
- if the obstruction occurred without the use or threatened use of force, such as forgery, fraud, theft, deceit, etc., the base offense level is 12.

If an offender was convicted of an offense listed below, case management staff must examine the base offense level to determine whether the offense would preclude the inmate from receiving certain Bureau program benefits. If the PSI does not include an explanation as to the reason for assigning a particular base offense level, case management staff may need to examine the particular Sentencing Guideline referenced.

Some of the offenses listed below may correspond to more than one Sentencing Guideline, only one of which includes a base level adjustment for the use or threatened use of force. Accordingly, it is possible that an examination of the Offense Computation section of the PSI may reveal no mention of the use or threatened use of force. When the PSI fails to explain the reason for assigning a particular base offense level, case management staff must examine the particular Sentencing Guideline referenced to determine whether the court found that the use of force was implicated in the offense.

Case management staff may contact institution legal staff or Regional Counsel if they have questions regarding this section. A list of offenses for which the Sentencing Guidelines base offense level is affected by the use or threatened use of force follows. At the Director's discretion, inmates with such an offense shall be precluded from receiving certain Bureau program benefits.

Title 18, United States Code Sections

- ♦ 33 destruction of motor vehicles or facilities
- ♦ 241 conspiracy against rights **(for other than conspiracy)**
- ♦ 242 deprivation of rights under color of law
- ♦ 592 putting troops at polls
- ♦ 593 interference by armed forces
- ♦ 1791 possessing contraband in prison
- ♦ 1952 transporting items in aid of racketeering
- ♦ *2116 railway or steamboat post office
- ♦ 2231(a) assault on persons executing search warrant
- ♦ 2381 treason

b. Criminal Offenses with a Specific Offense Characteristic Enhancement. Convictions for an offense listed below, like those listed in Section 7.a., may or may not satisfy the standard listed in the introductory portion of Section 7.

At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

Example: Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base

offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

In some cases, an inmate may be convicted of an offense listed in this section as well as 18 U.S.C. § 924(c)(1), use of a firearm during a crime of violence or drug trafficking crime. According to the U.S. Sentencing Guidelines, if a defendant receives a § 924(c)(1) conviction, the court may not assess a two-level "Specific Offense Characteristic" enhancement for possession of a firearm; however, in light of the Supreme Court ruling in *Bailey v. U.S.*, 116 S.Ct. 501 (1995), a number of § 924(c)(1) convictions have been vacated. In *Bailey*, the Court held that the term "use" connotes an active employment of the firearm. If any of the offenses listed in this section were accompanied by a § 924(c)(1) conviction that was subsequently vacated due to the *Bailey* decision, staff shall presume that the inmate would have received a two-level "Specific Offense Characteristic" enhancement for possession of a firearm unless there is a specific court order to the contrary. Thus, absent a court order specifically denying the application of a two point enhancement for possession of a firearm, the inmate will not receive certain Bureau program benefits.

Some of the offenses listed below may correspond to more than one Sentencing Guideline, only one of which includes a Specific Offense Characteristic for the use of force. Alternatively, the PSI may fail to adequately describe the Specific Offense Characteristic that underlies the increase in offense level. In either case, it is possible that an examination of the Offense Computation section of the PSI reveals no mention of the use of force. If this occurs, case management staff must examine the particular Sentencing Guideline referenced to determine whether

the court found that the use of force was implicated in the offense.

Example: The PSI in the above scenario may state "SOC (specific offense characteristic) 2F1.1(4) increase 2 levels." If the Report does not further state "since the offense involved the conscious or reckless risk of serious bodily injury, increase by two levels pursuant to 2F1.1(4)," the case management staff may have to examine Guideline 2F1.1(4) to determine that the only basis for this particular increase is a finding that the offense included the risk of bodily injury.

Case management staff may contact institution legal staff or Regional Counsel if they have questions regarding this section. Below is a list of offenses for which there could be a Specific Offense Characteristic enhancement for the use of force:

(1) Title 16, United States Code Sections

- 773e(a)(2), (3),(4),(6) violation of Northern Pacific Halibut Act
- 773g violation of Northern Pacific Halibut Act
- 1857(a)(D), (E),(F),(H) violation of National Fishery Management Program
- 1859 violation of National Fishery Management Program
- 2435(4),(5), (6),(7) violation of Antarctic Marine Living Resources Convention
- 2438 violation of Antarctic Marine Living Resources Convention
- 3606 violation of North Atlantic Salmon Fishing
- 3637(a)(2), (3),(4),(6), (c) violation of Pacific Salmon Fishing
- 5009(5),(6), (7),(8) violation of North Pacific Anadromous Stock Convention
- 5010(b) violation of North Pacific Anadromous Stock Convention

(2) Title 18, United States Code Sections

- 755 officer permitting escape
- 757 procures escape for prisoner of war
- 874 kickbacks from public works employees
- 894 extending credit through extortionate means
- 1163 embezzlement/theft from Indian organizations
- 1503 influencing or injuring officer or juror
- 1505 obstruction of proceedings before departments or agencies
- 1511 obstruction of state or local law enforcement
- 1516 obstruction of a federal audit
- 1517 obstructing financial examination
- 1951 interference with commerce by threats/violence
- 2112 robbery of personal property of United States
- *2116 breaking into a mail car

(3) Title 21, United States Code Sections

- 841(NOT(e)), controlled substance violation
- *846 attempt and conspiracy

(4) Title 26, United States Code Sections

- 7212 attempt to interfere with revenue laws
- 7214 unlawful acts by employees of the IRS

(5) Title 30, United States Code Sections

- 1461(a)(3), (4),(5),(7) resisting officers for violations under Deep Seabed Mineral Resources Act
- 1463 violations of Deep Seabed Mineral Resources Act

(6) Title 33, United States Code Section

- 1232(b)(2) ports and waterways safety enforcement provisions

(7) Title 40, United States Code Section

- **193f(a)** security of Capitol grounds and buildings

(8) Title 42, United States Code Sections

- **1973aa** application of prohibition to other States
- **1973aa-1** residence requirements for voting
- **1973aa-1a** bilingual election requirements
- **1973aa-3** penalty
- **1973bb** enforcement of twenty-sixth amendment
- **1973gg-10** criminal penalties
- **2283(b)** protection of nuclear inspectors
- **19151(2), (3),(4),(5)** violation of Ocean Thermal Energy Conversion Act
- **9152(d)** violation of Ocean Thermal Energy Conversion Act

(9) Title 46, United States Code Section

- **1903** Manufacture, Distribution, or possession with intent to manufacture controlled substances

(10) Title 49, United States Code Section

- **46505(b)** carrying a weapon on an aircraft

c. Criminal Offenses That **May** Preclude an Inmate's Receiving Certain Bureau Program Benefits. In addition to Sections 7.a. and 7.b. above, an inmate may be precluded from receiving certain Bureau program benefits based on an offense listed in this section. For the offenses listed below, the Sentencing Guidelines may provide little insight into the court's findings. Accordingly, rather than simply examining the base offense level or the specific offense characteristics, case managers must carefully examine the entire Offense Computation section of the PSI and, if necessary, the Offense Conduct section to determine if the offense would preclude an inmate's receiving certain Bureau program benefits based on whether the offense satisfies the standard listed in the introductory portion of Section 7.

The following offenses **may** preclude an inmate's receiving certain Bureau program benefits based on a variety of factors.

(1) Title 7, United States Code Section

- 473c-1 offenses in relation to sampling of cotton

(2) Title 16, United States Code Sections

- 5106(e)(5), (6),(7),(9), (f)(2) violation of Atlantic Coast Fisheries Cooperative Management

(3) Title 18, United States Code Sections

- 700 desecration of the flag of the United States
- 751 escape from federal prison
- 752 instigating/assisting escape from federal prison
- 831 prohibited acts involving nuclear materials
- 876 mailing threatening communications
- 877 mailing threatening communications from foreign country
- 1153 offenses within Indian Country
- 1512(b) tampering with a witness/victim/informant
- 1708 theft or receipt of stolen mail
- 1792 mutiny and riot in prison
- 1956 money laundering
- 2117 breaking into carrier facilities
- 2152 destruction of submarine and torpedo works
- 2153 destruction of war materials
- 2154 production of defective war material
- 2155 destruction of national defense materials
- 2156 production of defective national defense material
- 2192 incitation of seamen to revolt
- 2193 mutiny
- 2247 repeat offenders
- 2387 activities involving armed forces

(4) Title 40, United States Code Sections

- 193f(a),(b) security of Capitol grounds and buildings

d. Conspiracy, Attempt, and Other Offenses Which Involve an Underlying Offense. Some of the statutes listed in this section cover conspiracy offenses (see, e.g., 21 U.S.C. § 846) when an individual has planned with others to commit a particular crime. Other listed statutes cover attempted offenses (see, e.g., 21 U.S.C. §§ 846 and 963) when an individual tried but did not succeed in committing the crime. In reviewing these types of offenses, it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do). If the underlying offense would preclude the inmate from receiving certain Bureau program benefits based on any of the other portions of Section 7 of this policy, the conspiracy or the attempt offense shall also preclude the inmate from receiving the same benefits. The underlying offense will be included in the PSI and may be noted on the J&C.

Example: The Judgment and Commitment Order may indicate a conviction for "Attempt and Conspiracy" (21 U.S.C. § 846). The accompanying Presentence Investigation Report will reference the underlying crime, in many cases it will be "Possession with Intent to Distribute a Controlled Substance" (21 U.S.C. § 841). Staff should then review the underlying offense (in this case possession of controlled substance) to determine whether it satisfies the standard listed in the introductory portion of Section 7. As noted in the example in section b above, if the PSI indicates that the defendant received a 2 level increase for possessing a dangerous weapon, then the offense should preclude the inmate from receiving certain Bureau program benefits; if no such enhancement was given, the offense should not preclude the inmate from receiving such benefits.

(1) Title 18, United States Code Sections

| | |
|---|---|
| ♦ *241 | conspiracy to deprive civil rights **(if conspiracy)** |
| ♦ *371 | conspiracy to commit offense/fraud against U.S. |
| ♦ *372 | conspiracy to impede or inure officer |
| ♦ *924 | penalties for firearms violations |

- *1962 racketeering
- *2118(d) robberies involving controlled substances

(2) Title 21, United States Code Sections

- *846 attempt and conspiracy
- 848 controlled substances violations as criminal enterprise
- 963 conspiracy or attempt to violate controlled substance laws

e. Special Circumstances

♦ Title 18, United States Code § 922(g). All offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits.

♦ *Title 18, United States Code § 2113(a). Excluding bank robbery (see Section 6.b. above), other offenses covered by 18 U.S.C. § 2113(a), (e.g., bank larceny, etc.), shall be reviewed similarly to offenses in Section 7.b. Defendants may receive a Specific Offense Characteristic enhancement that will result in an increase in the base offense level. Such enhancements provide for an increase in the defendant's base offense level if:

- a firearm was discharged,
- a firearm or other dangerous weapon was brandished, displayed, possessed or used, or
- an express or implied threat of death was made (U.S.S.G. 2B3.2(b), Application Notes 2 and 6).

If a defendant received such an enhancement (or one of the other enhancements involving the use or threatened use of force), the offense shall preclude the inmate's receiving certain Bureau program benefits.

♦ Title 18, United States Code § 2243. A conviction for sexual abuse of a minor or ward shall preclude an inmate from receiving certain Bureau program benefits.

8. OFFENSES COMMITTED BEFORE NOVEMBER 1, 1987. The Sentencing Guidelines are generally not applicable for offenses committed before November 1, 1987. Accordingly, for offenses identified in Section 7 or offenses similar to those listed in Section 7 of this Program Statement that were committed before this date, case managers must make a determination, based on the narrative description of the crime contained in the PSI, whether the offense involved:

- the use, attempted use, or threatened use of force;
- the use, carrying, or possession of a dangerous weapon;
- a serious potential risk that force might be used against the person or property of another; or
- sexual abuse committed upon children.

Offenses listed in Section 6, Crimes of Violence, or offenses similar to those listed in Section 6, which were committed before November 1, 1987, shall be treated in the same manner as "new law" offenses.

9. CRIMES CODIFIED PURSUANT TO THE VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994. The VCCLEA created a number of new Federal criminal offenses and enhanced penalties for several existing offenses. Some of the new offenses are included in the above lists, but the lists will be revised as needed after the U.S. Sentencing Commission drafts new guidelines. These lists will also be updated periodically to reflect statutory changes or at the Director's discretion.

/s/
Kathleen M. Hawk
Director