Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _JM_ .D.C.

05 AUG 24 AM 9: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Criminal No. 04-20032-Ml |
| MICHAEL A. SHORT, | ) |
| Defendant. | ) |

### RESPONSE TO MOTION TO MODIFY SENTENCE

Comes now the United States of America by and through Terrell L. Harris, United States Attorney and Stuart J. Canale, Assistant United States Attorney for the Western District of Tennessee in response to defendant's Motion To Modify Sentence would state as follows:

Defendant alleges in his Motion To Modify Sentence that the defendant's enhancement pursuant to § 2D1.1(b)(1) of the sentencing guidelines is unconstitutional because of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Defendant also argues that because of this enhancement for firearms possession the Federal Bureau of Prisons will not consider him for early release after completion of the 500 hour intensive drug rehabilitation program.

As to defendant's first argument, the plea agreement specifically stated that the "parties agreed that the defendant will receive a 2 point enhancement pursuant to § 2D1.1(b)(1) of the sentencing guidelines." Therefore, there was an admission as to this enhancement in the sentencing guidelines. This was based upon the discovery of three

loaded pistols in the defendant's apartment on the day of his arrest. See, Paragraph 6 and 17 of the presentence investigation report. Because the defendant admitted to these facts there is no Sixth Amendment violation and the enhancement was properly applied by this court.

In the Judgment and Commitment Order this court recommended that the Bureau of Prisons allow the defendant to participate in the 500 hour intensive drug rehabilitation treatment program. This was a recommendation only and as always, is governed by the policies and procedures implemented by the Federal Bureau of Prisons. If the defendant has been informed that he will be allowed to participate while incarcerated, but will not qualify for early release because of the firearm enhancement, this in no way violates the plea agreement or the Judgment and Commitment Order by this court. The United States would respectfully state that this court has no authority to modify the defendant's sentence by dropping the firearm enhancement or by ordering the Federal Bureau of Prisons to violate its own internal policies and procedures.

Therefore, the United States would respectfully requests this court to deny the defendant's Motion To Modify Sentence.

Respectfully submitted,

TERRELL L. HARRIS
United States Attorney

By: _____
Stuart J. Canale
Assistant United States Attorney
167 N. Main, Room 800
Memphis, TN 38103
(#012590 Tennessee)

## CERTIFICATE OF SERVICE

I, Stuart J. Canale, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing Response has been mailed, first class postage pre-paid, to Gregory D. Cotton, Attorney at Law, 6263 Poplar Avenue, Suite 1032, Memphis, Tennessee 38119

This 24th day of August, 2005.

Stuart J. Canale
Assistant United States Attorney
167 N. Main, Room 800
Memphis, TN 38103